**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**LASHAY ELMORE** **PLAINTIFF**

**V.** **No. 4:25-cv-01021-LPR**

**ROCKET MORTGAGE LLC et al.** **DEFENDANTS**

# ORDER

The Court has reviewed the Recommended Disposition (RD) submitted by United States Magistrate Judge Jerome T. Kearney.[1] No objections have been filed, and the time for doing so has expired.[2] After a careful and *de novo* review of the RD and the record, the Court concludes that the RD should be, and hereby is, approved and adopted in its entirety as this Court's findings except with respect to the disposition of this case.[3]

---

[1] Doc. 47.

[2] Instead of filing an objection, Ms. Elmore got more creative. She attempted to voluntarily dismiss this case "pursuant to Rule 41(a)(1)(A)(i)." *See* Pl.'s Notice of Voluntary Dismissal (Doc. 48). But, because this Notice was filed after the Defendants' Answer, *see* Docs. 3 & 4, and Defendants oppose Ms. Elmore's proposed voluntary dismissal, *see* Defs.' Resp. to Pl.'s Notice of Voluntary Dismissal (Doc. 50), Ms. Elmore may not voluntarily dismiss this case without a court order. *See* Fed. R. Civ. P. 41(a)(1)(A). The Court declines to issue such an order. Ms. Elmore has proceeded with this litigation through the filing of Defendants' Answers, through an omnibus motion hearing, through the denial of a plethora of Ms. Elmore's motions, through a motion for judgment on the pleadings, and through an RD recommending granting a motion for judgment on the pleadings in favor of Defendants. Ms. Elmore may not proceed this far in the litigation (and expend court resources in this way) only to then seek a voluntary dismissal after receiving an unfavorable RD. *See Hamm v. Rhone-Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999) ("[A] party is not permitted to dismiss merely to escape an adverse decision . . . ."). That's a manipulation of the judicial process that the Court need not and should not allow, especially when Ms. Elmore has taken other steps that suggest a potential desire to litigate in state court. *See* Pl.'s Mot. to Remand (Doc. 9). The Eighth Circuit has "repeatedly stated that it is inappropriate for a plaintiff to use voluntary dismissal as an avenue for seeking a more favorable forum." *Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1214 (8th Cir. 2011).

[3] Although not entirely free from doubt, the better view is that the result of the granting of a motion for judgment on the pleadings is the entry of judgment in favor of the movants. *See Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1093, 1099 (8th Cir. 2008). Two other points bear mentioning. First, to the extent some loose language in the RD (e.g., "evidence") might suggest otherwise, the Court reads the RD as (1) basing its decision solely on the materials in the Complaint and the materials embraced by the Complaint, (2) taking all facts pled in the Complaint as true, and (3) hewing to the *Iqbal/Twombly* plausibility standard. Second, to the extent that the RD does not cover Ms. Elmore's claims regarding the Truth in Lending Act, the Real Estate Settlement Procedures Act, and other federal banking laws, judgment on the pleading is also appropriate for those claims. Ms. Elmore's Complaint alleges only a single legal conclusion in support of these claims. *See* Complaint (Doc. 2) ¶ 9 ("The contract . . . violated federal banking laws, including the Truth in Lending Act (TILA) and Real Estate Settlement Procedures Act (RESPA)."). The Complaint contains no discernible fact allegations that would meet the *Iqbal/Twombly* plausibility standard on these claims.

IT IS THEREFORE ORDERED THAT Defendants' Motion for Judgment on the Pleadings is GRANTED.[4]

DATED this 4th day of August 2026.

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

[4] Because this Order grants judgment in favor of the Defendants on all claims, the other pending motions before the Court (Docs. 42 and 43) are moot.